IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01036-WYD

BRETT FLOYD YEOMANS,

    Applicant,

v.

WARDEN J. WANDS,

    Respondent.

---

ORDER DENYING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 6). The Court has determined it can resolve the Application without a hearing.[1]

**I.   Background**

On September 23, 2004, Applicant was arrested by the Craig Police Department in Moffat County, Colorado.[2] Applicant remained in state custody until December 3, 2004, when he was transferred to federal custody pursuant to a Writ of Habeas Corpus

---

[1] *Blackledge v. Allison*, 31 U.S. 63, 83 (1977); *see also Jeter v. Keohane*, 739 F.2d 257, n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[2] Resp. To Order To Show Cause (Doc. No. 18; July 14, 2010) at Ex. A-1, attachment 1. Applicant did not object to any of the exhibits or attachments in the Response. *See* Rules Governing Section 2254 Cases 7(c).

*Ad Prosequendum* issued by the United States District Court for the District of Colorado in case number 04-cr-00407-PSF.[3]

On January 9, 2006, Applicant was sentenced in case 04-cr-00407-PSF to a term of 100 months incarceration.[4] Applicant was returned to state custody on January 19, 2006.[5]

On January 25, 2006, Applicant was sentenced in case D0412004CR000230 by the Moffat County District Court to one year of incarceration in the Colorado Department of Corrections.[6] This sentence was imposed *nunc pro tunc* to September 23, 2004, the date of his initial arrest.[7] The mittimus orders that this "sentence will be concurrent with any federal sentence defendant is currently serving time on."[8] Applicant was given credit for 488 days of time served.[9]

---

[3] *Id.* at Ex. A-1, attachment 3.

[4] *Id.* at Ex. A-1, attachment 4.

[5] *Id.* at Ex. A-1, attachment 3.

[6] *Id.* at Ex. A-1, attachment 5.

[7] *Id.*

[8] *Id.*

[9] *Id.*

Following the state sentencing, Applicant was returned to federal custody on January 31, 2006.[10] Applicant was formally committed to the United States Bureau of Prisons (BOP) for his sentence in 04-cr-00407-PSF on March 2, 2006.[11]

Applicant is presently in the custody of the BOP at the Federal Correctional Institute in Florence, Colorado (FCI Florence).[12] Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on May 6, 2010, and amended his Application on May 13, 2010.[13] This Court issued an Order To Show Cause to Respondent on June 14, 2010.[14] Respondent filed a response on July 14, 2010.[15] Applicant filed a traverse on July 27, 2010.[16]

## II.   Application

Applicant is challenging the computation of his federal sentence. He alleges that the BOP has not credited the correct amount of time spent in pre-trial detention in case 04-cr-00407-PSF. He requests his sentence be credited with 526 days of pre-trial confinement, from the date of his initial arrest on September 23, 2004 to the date he was transferred to FCI Florence on March 3, 2006.

---

[10] *Id.* at Ex. A-1, attachment 3.

[11] *Id.* at Ex. A-1, attachment 9.

[12] *See* Applicant's Resp. To Resp'ts Resp. To Order To Show Cause (Doc. No. 19; July 27, 2010).

[13] Doc. Nos. 1, 6.

[14] Doc. No. 17.

[15] Doc. No. 18.

[16] Doc. No. 19.

**III.     Legal Standard**

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[17] The Court should not be the *pro se* litigant's advocate.[18]

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[19]  "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including . . . computation of a prisoner's sentence by prison officials."[20]

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[21]  Here, Applicant correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado, where he was incarcerated at the time of initial filing.

---

[17] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

[20] *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original).

[21] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

## IV.   Analysis

The Court finds that Applicant has already been given credit for all time in custody on and after September 23, 2005. Applicant's sentence computation worksheet includes "jail credit" for September 23, 2005 through January 24, 2006.[22] Additionally, his federal sentence computation begins on January 25, 2006.[23] Therefore, Applicant has already received proper credit for time served for pre-trial detention between September 23, 2005 and March 3, 2006, and his motion is denied as moot as to those dates.

Analysis will instead focus on the 365 days of pre-trial credit requested for the time period September 23, 2004 through September 22, 2005.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*."[24]

Applicant was credited the 365 days he requests for pre-trial detention in his Colorado sentence imposed in case D0412004CR000230. Therefore, pursuant to

---

[22]Resp. To Order To Show Cause at Ex. A-1, attachment 9.

[23]*Id.*

[24]18 U.S.C. § 3585(b) (emphasis added); *see also* Resp. To Order To Show Cause at Ex. A-1, attachment 8 (BOP Statement 5880.28 at 1-17).

statute he is not eligible to have this time credited to his federal sentence in case 04-cr-00407-PSF since this time was already "credited against another sentence."[25]

Applicant argues that his state court sentence explicitly ran concurrently to the federal sentence, so time served in that sentence must be credited to both the state and federal sentences. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[26] Applicant's federal court Judgment is silent as to whether his sentence is to run concurrent or consecutive to any other sentence.[27] Thus, his sentence in 04-cr-00407-PSF runs consecutively to any subsequently imposed conviction.

Regardless of the language used in D0412004CR000230, a subsequent state court decision can not change a federal sentence.[28] "[D]etermination of whether a defendant's 'federal sentence [runs] consecutively to [a] state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'"[29] The state court's wishes as to running the sentences concurrently therefore have no effect and the BOP is correct in not crediting the 365 days spent serving a concurrent sentence.

---

[25] 18 U.S.C. § 3585(b).

[26] 18 U.S.C. § 3584(a).

[27] Resp. To Order To Show Cause at Ex. A-1, attachment 4.

[28] *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008).

[29] *Id.* (*quoting Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)).

In conclusion, Applicant's federal sentence has not been executed unlawfully, and he is not entitled to habeas relief.

**V.     Order**

It is ORDERED that Applicant's Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 6; May 13, 2010) is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  May 16, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge